IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN DOE, a minor by and through his next )
friend, MARJORIE A. BRISTOL )
)
    Plaintiff, )    NO. 3:19-cv-00319
)     JUDGE RICHARDSON
v. )
)
JENNIFER NICHOLS, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. No. 33), to which the Sumner County Defendants have filed a Response (Doc. No. 38).

## BACKGROUND

Plaintiff's Complaint alleged unconstitutional conditions of confinement at the Sumner County Juvenile Detention Center ("SCJDC"), where Plaintiff was allegedly kept in solitary confinement. Plaintiff sought injunctive, declaratory and compensatory relief.

After this case was filed, but before the Court ruled on Plaintiff's Motion for Temporary Restraining Order ("TRO"), Plaintiff was transferred from the SCJDC to the Knox County Juvenile Detention Center ("KCJDC"). Based upon this transfer, Plaintiff withdrew his Motion for TRO and stated:

> Plaintiff does not concede that such a transfer in locale releases the Defendants in their duty to maintain constitutional conditions of confinement while [he is] in the legal custody of DCS and the physical custody of Sumner County, but has no evidence or information to suggest that the conditions of the Knox County facility are contrary to law. Should such a discovery be made or the Plaintiff is returned to the Sumner County facility or any other facility that engages in the pattern or practice of holding children in solitary confinement indefinitely, appropriate remedies are available for Plaintiff.

(Doc. No. 22). Plaintiff also stated that he "was moved to the Knox County Juvenile Detention Center in Knoxville, Tennessee thereby ending the conditions of confinement at issue." (*Id.*)

The Sumner County Defendants (Weatherford, Troutt, and Howard) then filed a Motion to Dismiss for Failure to State a Claim upon Which Relief May Be Granted (Doc. No. 25), to which Plaintiff filed no timely response. The Motion to Dismiss asserted that Plaintiff's transfer from the SCJDC to the KCJDC rendered the Court unable to grant the relief requested as to the Sumner County Defendants, because Plaintiff's claims against them were now moot. Although Defendants brought their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court held that Plaintiff's injunctive and declaratory claims should be dismissed (as moot) for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 32). The Court also dismissed Plaintiff's claims for damages, based upon Plaintiff's failure to respond to the Motion to Dismiss. (*Id.*)

## STANDARD OF REVIEW

Although Plaintiff asks the Court to reconsider its decision, the Federal Rules of Civil Procedure do not provide for motions for reconsideration. *Southall v. USF Holland, Inc.,* No. 3:15-cv-01266, 2019 WL 383998, at * 2 (M.D. Tenn. Jan. 30, 2019), *appeal docketed*, No. 19-5218 (6th Cir. Mar. 7, 2019); *Pettrey v. Enterprise Title Agency*, *Inc.*, 242 F.R.D. 384, 385 (N.D. Ohio 2007). Instead, such motions are considered motions to alter or amend judgments pursuant to Rule 59(e). *Id.*[1]

---

[1] Plaintiff also relies upon Fed. R. Civ. P. 60(b). Under that rule, the Court may grant relief from a judgment in cases of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason that justifies relief.

Motions to alter or amend, brought pursuant to Fed. R. Civ. P. 59(e), are entrusted to the Court's sound discretion. *United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017). A motion under Rule 59(e) is not an opportunity to re-argue a case. *Id*. Rather, the Court may grant a Rule 59(e) motion only if there is: (1) a clear error of law; (2) newly-discovery evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id*.

Generally, relief under Rule 59(e) is an "extraordinary remedy" restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed. *Harris v. Perry*, Case No. 2:12-cv-02668, 2016 WL 5396701, at * 3 (W.D. Tenn. Sept. 27, 2016). Essentially, a showing of manifest injustice requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. *Id*. The Sixth Circuit has made clear that the standard for manifest injustice is "an exacting standard" and that a successful Rule 59(e) motion must "clearly establish a manifest error of law." *Heithcock v. Tenn. Dep't of Children's Servs.*, Civil No. 3:14-cv-2377, 2015 WL 5970894, at * 1 (M.D. Tenn. Oct. 14, 2015).

Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e). *McDaniel v. American Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 20842776, at * 2 (W.D. Tenn. July 17, 2007). The "manifest injustice" ground for a Rule 59(e) motion is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. *Harris*, 2016 WL 5396701, at * 3.

## INJUNCTIVE AND DECLARATORY RELIEF

To the extent Plaintiff asks the Court to reconsider its dismissal of his injunctive and declaratory claims, nothing about the Motion for Reconsideration changes the Court's prior result.

Plaintiff's Complaint, in its first sentence, declares that Plaintiff is "seeking injunctive and declaratory relief *related to the conditions of his confinement in the Sumner County Juvenile Detention Center*." (Doc. No. 1) (emphasis added). As indicated above, Plaintiff represented to the Court (after his transfer to the KCJDC) that he had no evidence or information to suggest that the conditions of the Knox County facility were contrary to law. He also stated that, should such a discovery be made or he be returned to the Sumner County facility or any other facility that engages in a pattern or practice of holding children in solitary confinement indefinitely, appropriate remedies are available for Plaintiff. (Doc. No. 22).

Plaintiff represented to the Court that his lawsuit was a challenge to the conditions of confinement at the *Sumner County Juvenile Detention Center*, not conditions in facilities in other counties or statewide. Plaintiff apparently is now changing course and arguing that it is possible that he will be subjected to unconstitutional conditions again and that therefore his injunctive and declaratory claims should remain. Plaintiff also argues that his injunctive and declaratory claims are "capable of repetition, yet evading review," despite having raised no such argument in his Complaint or in the withdrawal of his Motion for TRO quoted above.[2] Moreover, by failing to file

---

[2] In any event, as set forth in the case cited by Plaintiff, the "capable of repetition, yet evading review" exception to mootness applies where there is a reasonable expectation that the same parties will be subjected to the same action again. *Whipple v. Millay*, No. 1:14-cv-00117, 2017 WL 4176339, at * 5 (M.D. Tenn. Sept. 29, 2017). Any assertion that Plaintiff may be subjected to solitary confinement again is merely conclusory at this juncture. There is no evidence that he is currently subject to solitary confinement; indeed, in Plaintiff's Memorandum (Doc. No. 34 at 10), counsel admits that "[w]e do not know if he is being held in solitary confinement." Nor has Plaintiff

4

a timely response to Defendants' Motion to Dismiss, Plaintiff likewise failed to raise such an argument at that time. The Court will not consider Plaintiff's change of mind on a Motion for Reconsideration. A prisoner's transfer to a new facility moots claims for injunctive or declaratory relief arising from the particular conditions of confinement at the former prison. *Whipple v. Millay*, No. 1:14-cv-00117, 2017 WL 4176339, at * 4 (M.D. Tenn. Sept. 29, 2017);[3] *Anderson v. Jarnigan*, No. 2:19-cv-20, 2019 WL 2358922, at * 4 (E.D. Tenn. June 4, 2019).

In any event, Plaintiff's contention that the facility to which he was transferred may turn out to have unconstitutional conditions of confinement for juveniles is mere speculation. The mere "potential" for such violations at other facilities is not sufficient to undermine the Court's finding of mootness. *See Whipple,* 2017 WL 4176339, at * 5 (plaintiff's assertion that he might return to the defendants' prison at an unknown future date does not fall within the "capable of repetition, yet evading review" exception). Although Plaintiff now alleges that he was returned to the SCJDC in May 2019 for a short time, there is no allegation that he was then subjected to unconstitutional actions or that he remains at the SCJDC or in solitary confinement now.

Plaintiff relies on his allegation that he "was not released from the custody *of Sumner County*." (Doc. No. 34 at 5) (emphasis added). But he does not even allege, much less support, that Sumner County's alleged continuing *de jure* custody of Plaintiff gives it authority over

---

set forth a basis to believe that future solitary confinement can be reasonably expected for Plaintiff. Plaintiff's allegations in this regard are speculative and insufficient to change the opinion of the Court concerning mootness.

[3] Citing *Henderson v. Martin*, 73 F. App'x 115 (6th Cir. 2003), the *Whipple* court also stated that finding mootness is proper even where a prisoner faces the same issues giving rise to his original claim at the new facility. *Whipple*, 2017 WL 4176339, at * 4. The circumstances of *Whipple* differ from those of *Colvin*, discussed hereafter.

confinement decisions at a facility outside Sumner County. The Court notes that other counties and their officials are not parties to this action, and the Court has good reason to believe that the Sumner County Defendants have no authority to dictate the conditions of confinement at other facilities. *See Whipple*, 2017 WL 4176339, at * 4 (stating that defendant employee of one prison had no authority to alter conditions of another prison). Moreover, Plaintiff has not sued any official(s) of the Tennessee Department of Corrections for system-wide relief. As in *Whipple*, Plaintiff here sought to alter policies and practices in one county, and he is no longer imprisoned there. Thus, no actual injury remains that the Court could redress with a grant of injunctive or declaratory relief. *Id.* at * 5. And if Plaintiff continues to be subjected to solitary confinement at other detention centers, the Sumner County Defendants do not appear to have any authority to alter those conditions. As Plaintiff himself indicated, there should be discovery of evidence or information indicating an actual constitutional violation before injunctive or declaratory litigation becomes appropriate again. (Doc. No. 22). No such discovery of new evidence is asserted here.

Plaintiff cites *Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010), in which the district court found that a complaint for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility. *Colvin*, 605 F.3d at 289, *cited in Seabrooks v. CoreCivic*, No. 3:17-1328, 2019 WL 1015093, at * 5 (M.D. Tenn. Mar. 4, 2019). On appeal, the Sixth Circuit found that the district court erred in failing to allow the plaintiff to amend his complaint after he was transferred from one prison to another. The court found that the actions of officials from the first prison (finding plaintiff to be ineligible for kosher meals) were relied upon and had long-term consequences for the plaintiff after he was transferred. *Colvin,* 605 F.3d at 295. There is no allegation here that the actions of officials at the SCJDC were relied upon by other detention centers or caused post-transfer consequences for Plaintiff. Thus, *Colvin* is distinguishable.

6

Nothing in Plaintiff's arguments concerning dismissal of his injunctive and declaratory claims is sufficient under Fed. R. Civ. P. 59(e) or 60 to change the Court's prior Order. Accordingly, Plaintiff's Motion for Reconsideration of that portion of the ruling will be denied.

## DAMAGES CLAIMS

In its prior Order, the Court found that "[b]ecause Plaintiff has failed to respond to the Motion to Dismiss, the Court finds that Plaintiff has no objection to the dismissal of his claims for damages as well." (Doc. No. 32, n. 1). Although the Court did not expressly so specify, its dismissal of these claims was based on Plaintiff's failure to prosecute;[4] *i.e.,* Plaintiff's failure to oppose, or even respond at all to, Defendants' bid to dismiss these claims. The Court intended its dismissal of Plaintiff's claims for damages to be without prejudice and clarifies the same here.[5] With that clarification, Plaintiff's Motion for Reconsideration on this issue will also be denied.

## CONCLUSION

For these reasons, Plaintiff's Motion to Reconsider (Doc. No. 33) will be denied. Plaintiff's claims against the Sumner County Defendants remain dismissed without prejudice for the reasons set forth in the Court's prior Order (Doc. No. 32).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] *See* Fed. R. Civ. P. 41(b).

[5] Plaintiff's counsel asserts essentially that his failure to respond to defendants' Motion to Dismiss with an innocent mistake and should not prevent consideration of her client's claims for damages on the merits. (Doc. No. 34 at 4). The Court's clarification here should resolve Plaintiff's counsel's concern.